

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT E. TYLER,<br>W. MICHAEL HAGER,<br>WESLEY L. WRIGHT,<br>ROBERT E. TINSLEY, JR.,<br>GENTRY R. P. FERRELL,<br>METRO FIRE & RESCUE, INC.,<br><br>and<br><br>ENVIRONMENTAL TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>PAUL H. BERGER,<br><br>and<br><br>BAUM'S CASTORINE COMPANY, INC.<br><br>*Defendants.* | CIVIL ACTION NO. 6:05-CV-00030<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' August 18, 2005 Motion to Dismiss Counts Six and Nine of Defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). The Court heard arguments on this motion on October 3, 2005. For the reasons stated below, Plaintiffs' motion is DENIED IN PART and GRANTED IN PART.

1

## I. BACKGROUND

This action was commenced in the Circuit Court of the County of Amherst on June 10, 2005, and removed by Defendants to this Court on July 28, 2005. On October 13, 2005, this Court issued a Memorandum Opinion and an Order denying Plaintiffs' Motion to Remand, as well as an Order to Show Cause giving Defendants an additional 14 days to cure remaining technical defects in their original and amended notices of removal. On October 25, 2005, Plaintiffs and Defendants submitted a joint stipulation that satisfies the Court that removal was properly effected.

The October 13, 2005 Memorandum Opinion summarizes the factual background and nature of Plaintiffs' claims and Defendants' counterclaims. Additional background follows.

Defendants filed an Answer containing affirmative defenses and counterclaims on July 28, 2005. Four categories of fraudulent misrepresentation are alleged in Count Six. Paragraph 45 says that Counterclaim Defendants (1) falsely represented that they would "fully and properly develop, market, and exploit" certain patents controlled by Counterclaim Plaintiffs; that in making this false representation, Counterclaim Defendants (2) falsely represented that they had the "ability, knowledge, financial capability and experience to market and fully exploit the invention." Next, ¶46 alleges that Counterclaim Defendants (3) falsely represented that they were "financially able to commit their resources for payment of the volume of Pyrocool manufactured and shipped, the payment of royalties and R&D expenses." Finally, ¶47 alleges that Counterclaim Defendants (4) falsely represented that they "would not contract with any other manufacturer or supplier" pursuant to the exclusive agreement with Counterclaim Plaintiffs.

Counterclaim Count Nine states a *quantum meruit* claim for an unpaid account balance

2

and expenses not yet reimbursed. ¶¶65-66.

## II. STANDARD OF ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). A court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff. *Id.* A complaint is sufficient if it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 n.5 (4th Cir. 1972). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

This standard of review is subject to Fed. R. Civ. P. 9(b), which provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Failure to comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirements is treated as failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 n. 5 (4th Cir. 1999).

## III. DISCUSSION

### A. Counterclaim Count Six: Fraudulent Misrepresentation

1. Particularity Requirement of Fed. R. Civ. P. 9(b)

Counterclaim Defendants first argue that Count Six must be dismissed because the

3

circumstances constituting fraud have not been plead with sufficient particularity. The "circumstances" required to be pled particularly are "'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison*, 176 F.3d at 784 (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

The Court agrees that Counterclaim Plaintiffs have totally failed to satisfy 9(b)'s particularity requirements. They attribute the alleged misrepresentations to "Counterclaim Defendants"—a group that includes five natural persons —without specifying the individual responsible. A pleading is insufficient under 9(b) when plaintiffs "group[] defendants together without specifying which defendant committed which wrong." *Apple v. Prudential-Bache Sec., Inc.*, 820 F. Supp. 984, 987 (W.D. N.C. 1992), *aff'd sub nom Juntti v. Prudential-Bache Securities, Inc.*, 993 F.2d 228 (4th Cir. 1993)(per curiam) (unpublished opinion).

In addition, Counterclaim Plaintiffs provide neither the time nor the place of any of the alleged misrepresentations, a deficiency that is alone grounds for dismissal. *See Universal Test Equip., Inc. v. Heath*, 2000 WL 1566971 *3 (W.D. Va. 2000) (unpublished) (explaining that "[d]ates are important to inform the defendant of such things as whether a statute of limitations defense is available against a particular claim").

Last, the contents of some of the alleged misrepresentations are also pled without sufficient particularity. Mere statements of opinion, unfulfilled promises, or statements as to future events cannot give rise to a fraud claim, because common law fraud requires proof of a false representation of a material present or pre-existing **fact**. *Winn v. Aleda Constr. Co., Inc.*, 315 S.E.2d 193, 195 (Va. 1984); *Tate v. Colony House Builders, Inc.*, 508 S.E. 2d 597, 599 (Va.

4

1999). Even viewing the allegations in the most favorable light, the Court cannot discern whether the second and third categories of alleged misrepresentations relate to false statements of existing fact or mere promises and forecasts. The second category of alleged falsehoods —regarding ability, knowledge, financial capability, and experience to carry out future contractual obligations—are "indefinite in their nature and terms." *Tate*, 508 S.E. 2d at 599. So too are the third category, involving Counterclaim Defendants' financial ability to pay account balances, royalties and R&D expenses in the future. As pled, both groups of allegations could be read to mean that Counterclaim Defendants expressed general aspirations and opinions about future performance. Such opinion statements cannot support a fraud claim. Just as plausibly, however, the allegations could be understood to summarize the net impression created by a series of specific, verifiable, factual statements about Counterclaim Defendants' then existing knowledge, experience, abilities, or financial status. Such factual statements would pass the 12(b)(6) legal sufficiency test. Rule 9(b) is designed to protect defendants and the courts from such lack of clarity

As for the contents of the first and fourth categories of misrepresentations, drawing all reasonable inferences in favor of Counterclaim Plaintiffs, the Court finds that they are sufficiently pled. An action for fraud may be predicated on promises made with a present intention not to perform them; in effect, one's present intention is a "fact" that can be misrepresented. *Elliott v. Shore Stop, Inc.*, 384 S.E.2d 752, 756 (Va. 1989). Counterclaim Plaintiffs thus properly, if implicitly, allege that Counterclaim Defendants misrepresented their then present intent to "fully and properly develop, market, and exploit" the inventions and to observe the exclusive supply arrangement.

5

To summarize, none of the fraud allegations satisfy Rule 9(b) with respect to time, place, or identity of speaker, and some of their contents are not provided with sufficient specificity.

2. Statute of Limitations Bar to Fraud Claims

Counterclaim Defendants further argue that it would be futile to permit Counterclaim Plaintiffs to amend Count Six to comply with Rule 9(b) because the claim is barred by the statute of limitations.

The applicable statute of limitations in Virginia is two years from the time the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-243(A); Va. Code § 8.01-249(1).

Counterclaim Plaintiffs did not specify the timing of any of the alleged misrepresentations. They did plead, however, that the false statements were made "to induce Counterclaim Plaintiffs to enter into the Agreement"[1] and had caused them to assign valuable patent rights, invest in research and development, and expand manufacturing capacity. ¶¶45, 51. Thus, it can be inferred from the pleadings that all the alleged misrepresentations had to have occurred before the final, December 27, 1994 Assignment.

To support their position that the fraud claim is barred, Counterclaim Defendants point to the fact that the last agreement was signed in 1994, and to Counterclaim Plaintiffs' allegations that (i) Defendants failed to pay past due accounts as early as 1999 and (ii) sales were disappointing over a fourteen year period. ¶48, Exh. E. Thus, they argue, Counterclaim Plaintiffs all but admit in their own pleadings that they had ample warning signs that would have

---

[1] Counterclaim Plaintiffs defined the term "Agreement" to include the 1991 Agreement and the 1992 and 1994 Assignments. ¶15.

6

caused a reasonable person to investigate and uncover any fraud.

Counterclaim Plaintiffs counter by stressing that a jury usually determines when a party reasonably should have discovered a fraud, and that it is premature to foreclose their argument that they were reasonably delayed in discovering the fraud because they attributed slow sales and delinquent accounts on market forces.

In an unpublished disposition, the Fourth Circuit has stated that the issue of when fraud reasonably should have been discovered is "typically best left for the jury." *Tyson's Toyota, Inc. v. Globe Life Ins. Co.*, 45 F.3d 428 *6 (4th Cir. 1994). A trial court may, however, rule as a matter of law that a fraud claim is barred if reasonable minds could not differ on the question of when the fraud should have been discovered. *See Oden v. Salch*, 379 S.E.2d 346, 350 (Va. 1989).

At this stage, the Court finds that it is premature to deny Counterclaim Plaintiffs the opportunity to amend Count Six or to dismiss on Statute of Limitations grounds—in large part because their pleadings are so general and vague that the Court cannot intelligently discuss when the various misrepresentations of fact and present intention reasonably should have been discovered. In light of the facts, however, the Court would like to emphasize that Counterclaim Plaintiffs bear a heavy burden to show that "reasonable minds could differ" as to whether their claim should be barred. Counterclaim Defendants will have an opportunity to seek dismissal on limitations grounds again if an amended counterclaim is submitted.

## B. Counterclaim Count Nine: Quantum Meruit

Counterclaim Defendants next argue that having pled express, enforceable agreements,

7

Counterclaim Plaintiffs may not seek recovery on a *quantum meruit* theory.

Only in the absence of an express or enforceable contract will Virginia law allow *quantum meruit* recovery. *Meyers Lumber Co. v. Hubbard*, 96 S.E. 754, 760 (1918). At the pleading stage, however, parties are entitled to assert alternative, inconsistent theories under Fed. R. Civ. P. 8(a). Alternative pleading is permitted so that the claims of litigants legitimately uncertain as to the relevant facts or the governing principles of law are not prematurely extinguished. Wright & Miller, *supra*, §1283 (3d ed. 2004). A party may plead breach of contract and *quantum meruit* claims alternatively by asserting contradictory facts supporting each claim, or when the opposing party attacks or does not concede the contract's validity. *Atlantic Credit & Fin. Special Fin. Unit, LLC v. MBNA America Bank*, 2001 WL 856704 * 5 n.6 (W.D. Va. 2001); *Neuman v. Superior Jamestown Corp.*, 2003 WL 1877635 (N.D.Ill. 2003); Wright & Miller, *supra*, §1283 (3d ed. 2004).

In their original complaint, Counterclaim Defendants seek a declaratory judgment that the terms of the 1991 Agreement and 1992 and 1994 Assignments ("contracts") have been modified by the parties' conduct and course of performance. A judgment in their favor would alter the substance of the contracts, and thereby foreclose a portion of Counterclaim Plaintiffs' contract claims. Thus, although Counterclaim Plaintiff have not contested the existence of the contracts by pleading alternative facts, Counterclaim Defendants' own attack of the substance of these contracts opens the door to an alternative *quantum meruit* claim.

## CONCLUSION

The Court will GRANT Plaintiffs' motion to dismiss counterclaim Count Six, and DENY

8

the motion to dismiss counterclaim Count Nine in an appropriate order to follow.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion to all Counsel of Record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

Date: November 1, 2005